**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PROMOTE INNOVATION LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:10-cv-109-TJW ) |
| ORTHO-McNEIL PHARMACEUTICAL, LLC and ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC. | ) ) ) ) |
| Defendants. | ) ) ) ) |

**ORTHO-McNEIL PHARMACEUTICAL, LLC'S
AND ORTHO-McNEIL-JANSSEN PHARMACEUTICAL, INC.'S
<u>MOTION TO TRANSFER AND BRIEF IN SUPPORT</u>**

4093763v.1

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ...........................................................................................................................1

PROCEDURAL HISTORY............................................................................................................1

FACTS ............................................................................................................................................2

        1.      The Parties ..............................................................................................2

        2.      The Nature of this Action .......................................................................2

        3.      The Location of the Evidence Relevant to this Action ...........................3

THIS ACTION SHOULD BE TRANSFERRED TO
THE DISTRICT OF NEW JERSEY ..............................................................................................4

    A.      The Standard Under § 1404(a)..............................................................................4

    B.      This Case Could Have Been Brought in the District of New Jersey ...................6

    C.      The Private Interest Factors Strongly Favor Transfer...........................................7

        1.      Convenience of the Parties and Witnesses and Costs of
              Attendance for the Witnesses.................................................................7

        2.      The Relative Ease of Access to Sources of Proof...................................9

        3.      The Availability of Compulsory Process to Secure the
              Attendance of Witnesses.........................................................................9

        4.      All Other Practical Problems That Make Trial of a Case
              Easy, Expeditious, and Inexpensive.......................................................10

    D.      The Public Interest Factors Also Weigh in Favor of Transfer............................10

        1.      The Administrative Difficulties Flowing from
              Court Congestion ....................................................................................10

        2.      The Local Interest in Having Localized Controversies
              Decided at Home....................................................................................10

        3.      The Familiarity of the Forum With the Law that Will
              Govern the Case......................................................................................11

        4.      The Avoidance of Unnecessary Problems of Conflicts with
              Laws .......................................................................................................11

    E.      Transfer Is Appropriate to the District of New Jersey........................................11

CONCLUSION.............................................................................................................................12

4093763v.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chrimar Sys., Inc. v. Garrettcom, Inc.*,
   No. 2:09-cv-00085-TJW (E.D. Tex. Aug. 27, 2009)..................................................................7

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..............................................................................................5, 9

*In re Hoffman-La Roche, Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)...................................................................................................5

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009).......................................................................................5, 9, 11

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)............................................................................................5, 10

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ...............................................................................................4, 7, 8

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (*en banc*) ............................................................................ passim

*In re Zimmer Holdings, Inc.*,
   2010 WL 2553580 (Fed. Cir. June 24, 2010) ............................................................................5

*Josephs v. Sigma-Aldrich Corp.*,
   No. 10-10660-PDB-VM (E.D. Mich. May 21, 2010).................................................................6

*Patent Compliance Group, Inc. v. Hunter Fan Co.*,
   No. 3:10-cv-0359-P (N.D. Tex. June 7, 2010)...........................................................................6

*Principal Tech. Eng'g, Inc. v. SMI Cos.*,
   2009 U.S. Dist. LEXIS 121662 (E.D. Tex. Nov. 12, 2009) .....................................................11

*Prust v. Apple Co.*,
   No. 2:09-cv-00092-TJW (E.D. Tex. Oct. 7, 2009) ....................................................................7

*S.F. Tech., Inc. v. Adobe Sys. Inc., et al.*,
   2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) ...........................................................................6

*S.F. Tech., Inc. v. Glad Products Co., et al.*,
   No. 10-cv-009666-JF (N.D. Cal. July 19, 2010) .......................................................................6

*Vasudevan Software, Inc. v. IBM*,
   No. 2:09-cv-00105-TJW, 2009 WL 3784371 (E.D. Tex. Nov. 10, 2009)...................5, 7, 9, 10

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Zoltar Satellite Sys. Inc. v. LG Elec. Mobile Commc'ns. Co.*,
    402 F. Supp. 2d 731 (E.D. Tex. 2005) .................................................................................4, 6, 7

**STATUTES**

28 U.S.C. § 1391 ..............................................................................................................................6

28 U.S.C. § 1404 ..................................................................................................................... *passim*

Defendants Ortho-McNeil Pharmaceutical, LLC ("Ortho LLC") and Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI") respectfully move to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).[1]

## INTRODUCTION

This case is one of many false patent marking actions in which practicing patent attorneys, either on their own behalf or on behalf of the holding companies that they form, seek to collect a bounty on inventions they did not make, and on products they do not sell.

The plaintiff in this case, Promote Innovation LLC ("Promote"), appears not to make or do anything other than bring false patent marking suits, and has no connection to this District. Promote was formed just two weeks prior to filing its first lawsuit and resides in Houston, Texas, where its counsel is located.

Defendants also have no meaningful connection to this District. The products at issue in the complaint have never been marked in Texas. Both Ortho LLC and OMJPI have their headquarters in New Jersey, where the relevant witnesses and sources of proof are located. Relevance, convenience and fairness all dictate that this action should be transferred to New Jersey.

## PROCEDURAL HISTORY

This action is at its initial stages. Promote filed its original complaint on March 29, 2010. D.I. 1. That pleading named only Ortho LLC as a defendant. Ortho LLC moved to dismiss the original complaint on May 26, 2010. D.I. 7. In that motion, Ortho LLC identified OMJPI as the appropriate party for this action and New Jersey, the home district of both OMJPI

---

[1] Defendants have moved to stay this action pending resolution of *Stauffer v. Brooks Brothers, Inc.*, No. 2009-1428, 2009-1430, 2009-1453 (Fed. Cir.) ("*Stauffer*"), or to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). D.I. 18. As stated in that motion, the instant motion to transfer need not be decided unless and until: (1) defendants' request for a stay has been denied, or a stay has been entered and then lifted; and (2) the Court has denied defendants' motion to dismiss the amended complaint.

and Ortho LLC, as the appropriate venue. *Id.* at 3, 10 n.2.  Promote filed an amended complaint on June 14, 2010, which named both OMJPI and Ortho LLC as defendants.  D.I. 11.  Both OMJPI and Ortho LLC moved to dismiss Promote's amended complaint on July 1.  D.I. 18.

## FACTS

### 1. The Parties

None of the parties to this action is located in this District.

Plaintiff Promote is a Texas limited liability company that is located at the same address in Houston, Texas as its counsel, who is also its registered agent.  Ex. 1[2]; *see also* Ex. 2. Promote first registered to do business on March 12, 2010, less than two weeks prior to filing its first false patent marking action.  Ex. 1.

Defendants likewise are not located in this District.  Ortho LLC is a Delaware limited liability company with its principal place of business in New Jersey.  D.I. 11 ¶ 3. OMJPI is a Pennsylvania corporation with its principal place of business in New Jersey.  D.I. 11 ¶ 4.  OMJPI is Ortho LLC's sole member company.

### 2. The Nature of this Action

This is a false patent marking action involving a prescription drug product known as Retin-A Micro.  Promote alleges, albeit in a faulty manner that requires dismissal of the case (D.I. 18, D.I. 25), that defendants marked Retin-A Micro products with an intent to deceive the public.  In particular, Promote alleges defendants failed to remove an expired patent – the 4,690,825 patent – from packaging for Retin-A Micro products.  Promote seeks $500 for each package of Retin-A Micro that includes a purportedly erroneous marking.

---

[2] "Ex." refers to the exhibits attached to the accompanying declaration of Irena Royzman.

4093763v.1

### 3. **The Location of the Evidence Relevant to this Action**

The relevant sources of proof for this action are in New Jersey. The vast majority of documents relating to the decisions to mark Retin-A products are located in New Jersey. Declaration of Christina Gonzalez ("Gonzalez Decl.") ¶¶ 6, 8. The same is true of the witnesses with knowledge relevant to this case. *Id*. at ¶¶ 1, 4-5, 7; Declaration of George Januzzi ("Januzzi Decl.") ¶¶ 12-13. Key individuals with knowledge regarding current and past labeling of Retin-A Micro products and/or the applicable patents for these products are:

| Name | Area of Knowledge | Employment Location |
| --- | --- | --- |
| Renee Alliegro | Labels, Supply Distribution | Skillman, New Jersey |
| Christina Gonzalez | Labels, Supply Distribution | Skillman, New Jersey |
| Sharon Haynor | Legal, Patents | New Brunswick, New Jersey |
| Jacqueline Linse | Labels, Regulatory | Titusville, New Jersey |
| William McGowan | Legal, Patents | New Brunswick, New Jersey |
| Edward Shupenus | Marketing | Los Angeles, California |
| Elizabeth Turek | Labels, Regulatory | Skillman, New Jersey |

Januzzi Decl. ¶ 13. In addition, George Januzzi is knowledgeable about the fact that Ortho LLC does not sell, mark or advertise Retin-A Micro products. He is located in New Jersey as well. *Id*. at ¶ 1.

No documents or witnesses relevant to this action are in Texas. *Id*. at ¶¶ 12-14; Gonzalez Decl. ¶¶ 5-8. The Retin-A Micro products are not, and have never been, marked in Texas. Gonzalez Decl. ¶ 9. The decisions to mark these products are not made in Texas. *Id*.

The plaintiff, Promote, has no documents or witnesses of relevance to this action. It has no relation to Retin-A Micro products or the defendants. It has not alleged any injury, and has no involvement in the alleged false marking.

3

4093763v.1

# THIS ACTION SHOULD BE TRANSFERRED TO
# THE DISTRICT OF NEW JERSEY

**A.      The Standard Under § 1404(a)**

28 U.S.C. § 1404(a) authorizes transfer of an action "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the action could have been brought. "Section 1404(a) protects litigants, witnesses, and the public against unnecessary inconvenience and expense and avoids wasted time, energy, and money." *Zoltar Satellite Sys. Inc. v. LG Elec. Mobile Commc'ns. Co.*, 402 F. Supp. 2d 731, 734 (E.D. Tex. 2005) (citation omitted).

When considering a § 1404(a) motion to transfer, the court first determines whether the claim could have been brought in the transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If so, the court considers "'the convenience of the parties and witnesses' and 'the interests of justice.'" *Zoltar Satellite*, 402 F. Supp. 2d at 734 (quoting *Volkswagen I*, 371 F.3d at 203). This is done by "examining several private and public interest factors, none of which are given dispositive weight." *Id.* at 735 (citing *Volkswagen I*, 371 F.3d at 203).

"The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with

4

the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law.'" *Id.*

Considering these factors, transfer is appropriate where the moving party has shown "'good cause,'" which is satisfied "when 'the movant demonstrates that the transferee venue is clearly more convenient.'" *Vasudevan Software, Inc. v. IBM*, No. 2:09-cv-00105-TJW, 2009 WL 3784371, at * 1 (E.D. Tex. Nov. 10, 2009) (quoting *Volkswagen II*, 545 F.3d at 315).

As this Court has explained, the Fifth Circuit has recently "opined on the weight to be given the plaintiff's choice of forum." *Id*. (citing *Volkswagen II*, 545 F.3d at 315). "The [Fifth Circuit] held that the movant's 'good cause' burden reflects the appropriate deference to this factor." *Id*.; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue"). "When the movant demonstrates that the transferee venue is clearly more convenient [] it has shown good cause and the district court should therefore grant the transfer." *Volkswagen II*, 545 F.3d at 315.

The Federal Circuit, applying Fifth Circuit law, has held that in "case[s] featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194 , 1198 (Fed. Cir. 2009); *see also TS Tech*, 551 F.3d 1315; *In re Genentech*, *Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re Hoffman-La Roche*, *Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Zimmer Holdings, Inc.*, 2010 WL 2553580 (Fed. Cir. June 24, 2010).

This standard is particularly easy to meet in false patent marking actions. All of the relevant sources of proof are with the defendant in such cases. The plaintiff has no

involvement in the alleged erroneous markings and merely seeks to collect a bounty. As one court has observed,

> [P]laintiff is a *qui tam* plaintiff and he was not personally injured or involved in the alleged false marking. Defendants on the other hand, are intimately involved in the claims and [their] principal place of business, as well as [their] witnesses and documents, are located in [their home District].

*Josephs v. Sigma-Aldrich Corp.*, No. 10-10660-PDB-VM, slip op. at 3 (E.D. Mich. May 21, 2010) (Ex. 3). Accordingly, false patent marking actions have been transferred to the defendant's home District even when, unlike in this case, plaintiff resides in his chosen forum. *See, e.g.*, *S.F. Tech., Inc. v. Adobe Sys. Inc.*, *et al.*, 2010 WL 1463571, at *2 (N.D. Cal. Apr. 13, 2010); *Patent Compliance Group, Inc. v. Hunter Fan Co.*, No. 3:10-cv-0359-P (N.D. Tex. June 7, 2010) (Ex. 4); *S.F. Tech., Inc. v. Glad Products Co.*, *et al.*, No. 10-cv-009666-JF (N.D. Cal. July 19, 2010) (Ex. 5).

**B.      This Case Could Have Been Brought in the District of New Jersey**

"The first determination to be made under § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought." *Zoltar Satellite*, 402 F. Supp. 2d at 734-35. That factor is satisfied here.

Under the relevant venue statute, 28 U.S.C. § 1391(b), venue in federal question cases (including actions involving patents) is proper in any judicial district where a defendant "resides" if all defendants "reside" in the same State. The residence of corporate defendants for venue purposes is defined in 28 U.S.C. § 1391(c), which states that "[f]or purposes of venue under this chapter, . . . a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

In this case, both defendants, Ortho LLC and OMJPI, reside in the District of New Jersey. Their principal places of business are in New Jersey. D.I. 9 ¶¶ 3-4. Venue in the

6

District of New Jersey is therefore proper.  Thus, "the claim could have been filed in the judicial district to which transfer is sought." *Zoltar Satellite*, 402 F. Supp. 2d at 734-35.

C.      **The Private Interest Factors Strongly Favor Transfer**

The private interest factors strongly support transfer to the District of New Jersey.

1.      **Convenience of the Parties and Witnesses and Costs of Attendance for the Witnesses**

This factor strongly favors transfer.  The District of New Jersey is clearly more convenient for both the parties and the witnesses.  The costs of attendance for witnesses is also significantly lower in New Jersey, as the vast majority of the witnesses are located there.

As to the parties, plaintiff is a Texas limited liability company, with its principal place of business in Houston, Texas.  It resides in the Houston home of its counsel and registered agent.  Defendant Ortho LLC is a Delaware limited liability company.  OMJPI, the other defendant, is a Pennsylvania corporation.  Both defendants have their headquarters in New Jersey.  None of the activities at issue in this case – the marking of Retin-A Micro products – occurred in Texas, much less this District, and none of the parties resides here.  This Court has repeatedly granted transfer where, as here, "[n]one of the parties has any significant ties to this district." *Vasudevan Software*, 2009 WL 3784371, at * 2; *see also Prust v. Apple Co.*, No. 2:09-cv-00092-TJW, slip op. at 1 (E.D. Tex. Oct. 7, 2009) (Ex. 6); *Chrimar Sys., Inc. v. Garrettcom, Inc.*, No. 2:09-cv-00085-TJW, slip op. at 1 (E.D. Tex. Aug. 27, 2009) (Ex. 7).

Transfer to the District of New Jersey is also warranted for the convenience of witnesses and to reduce the costs of their attendance.  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 204-05).  As

7

the Fifth Circuit explained, "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *Id*. (quoting *Volkswagen I*, 371 F.3d at 205). "Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *Volkswagen II*, 545 F.3d at 317.

Here, the vast majority of witnesses (including seven of eight key witnesses) are located in the District of New Jersey. Januzzi Decl. ¶¶ 1, 12-13; Gonzalez Decl. ¶¶ 4-8. Only one is located in another state, California. Januzzi Decl. ¶ 13. None is in Texas. *Id*.; Gonzalez Decl. ¶¶ 5, 7. The New Jersey witnesses have knowledge of the current and past labeling decisions for the Retin-A Micro products at issue in these case, the applicable patents for these products and the regulatory framework that makes it impossible that these patented prescription drug products were marked with intent to deceive the public. In addition to the key witnesses, there are other witnesses with relevant information in New Jersey, as both defendants have their headquarters there. By contrast, there are no foreseeable witnesses in or near the Eastern District of Texas. Januzzi Decl. ¶ 14; Gonzalez Decl. ¶¶ 5, 7. The Retin-A Micro products have never been marked in Texas and the decisions to mark these products are not made in Texas. Gonzalez Decl. ¶ 9. Plaintiff is not located in this District and has no witnesses of relevance to this case. It is therefore far more convenient for the witnesses and far less costly for this case to be tried in defendants' home District of New Jersey than in Marshall, Texas (1,440 miles away). This factor weighs heavily in favor of transfer to defendants' home district.

### 2. The Relative Ease of Access to Sources of Proof

This factor also favors transfer. The location of documents continues to be a meaningful factor in the convenience analysis, even with advances in electronic discovery. *Vasudevan Software,* 2009 WL 3784371, at * 2 (citing *Volkswagen II*, 545 F.3d at 316); *accord Genentech*, 566 F.3d at 1345-46. The vast majority of defendants' documents are located in New Jersey and there are no relevant documents in Texas. Gonzalez Decl. ¶¶ 6, 8. Plaintiff is not involved with the labeling of Retin-A Micro products and has no documents of relevance to this case, much less documents in this District. The relative ease of access to sources of proof therefore supports transfer to the District of New Jersey. *Volkswagen II*, 545 F.3d at 316; *Vasudevan Software*, 2009 WL 3784371, at *2; *Nintendo*, 589 F.3d at 1199-1200 (weighing relative ease of access to sources of proof "heavily" in favor of transfer where most evidence resided in the transferee district or abroad with none in Texas).

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

This factor also favors transfer. "[A] court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse." *Vasudevan Software*, 2009 WL 3784371, at *3 (citing *Volkswagen II*, 545 F.3d at 316). There are no known witnesses subject to the subpoena power of this Court. Conversely, a court in the District of New Jersey would likely have subpoena over substantially all of the witnesses with knowledge relevant to plaintiff's claims. If anything, plaintiff would be advantaged by a transfer in that it would be able to compel the attendance at trial of knowledgeable witnesses – something it currently has no ability to do. The availability of compulsory process thus favors transfer to New Jersey.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

There are no practical problems that would arise from transferring this case to the District of New Jersey. This case is in its preliminary stages and there has been no discovery and no scheduling order. Transfer to New Jersey would result in the benefits identified above, and would have no adverse impact on the conduct of the trial. Transfer is therefore warranted.

## D. The Public Interest Factors Also Weigh in Favor of Transfer

The public interest factors weigh in favor of transfer to the District of New Jersey.

### 1. The Administrative Difficulties Flowing from Court Congestion

This factor is neutral as to transfer. There are no administrative difficulties from transferring or retaining this case.

### 2. The Local Interest in Having Localized Controversies Decided at Home

This factor weighs strongly in favor of transfer. As this Court has explained, "[t]ransfer is appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case." *Vasudevan Software*, 2009 WL 3784371, at *3 (citing *Volkswagen II*, 545 F.3d at 318). None of the underlying actions in this case occurred in Texas, much less this District. The Retin-A Micro products are not made here. The alleged wrong – the marking of these products – also does not occur in this District.

This District also has no particular interest in this case. The only connection with this District is the fact that OMJPI's Retin-A Micro products have been sold here. But that is true of everywhere in the United States. It is well settled that in such circumstances, "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *TS Tech*, 551 F.3d. at 1321 (citing *Volkswagen II*, 545 F.3d at 318).

10

In addition, plaintiff is not located in this District. Its principal place of business is in its attorney's home in Houston. *See Principal Tech. Eng'g, Inc. v. SMI Cos.*, 2009 U.S. Dist. LEXIS 121662 (E.D. Tex. Nov. 12, 2009) (considering local interest of Eastern District of Texas where plaintiff's principal place of business was located in the District).

Defendants, on the other hand, have their headquarters in New Jersey and the vast majority of the relevant documents and witnesses are located in New Jersey. The local interest therefore favors venue in New Jersey. *Nintendo*, 589 F.3d at 1198 (holding that the local interest clearly favors the transferee venue where "no parties, witnesses, or evidence have any material connection to the venue chosen by the plaintiff.")

### 3. The Familiarity of the Forum With the Law that Will Govern the Case

This factor is neutral as to transfer. Both the District of New Jersey and this Court are familiar with the Patent Laws of the United States. False patent marking actions are also pending in both forums.

### 4. The Avoidance of Unnecessary Problems of Conflicts with Laws

This factor is inapplicable as to transfer. This action poses no conflict of law issues and does not implicate foreign law.

### E. Transfer Is Appropriate to the District of New Jersey

As none of the parties is located in the Eastern District of Texas, the vast majority of relevant documents and witnesses are in the District of New Jersey, and no convenience factor weighs in favor of the Eastern District of Texas, defendants have demonstrated that the District of New Jersey is clearly more convenient and that transfer of this case is appropriate. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d. at 1198.

11

## **CONCLUSION**

For the reasons set forth above, Ortho LLC and OMJPI respectfully request that this Court grant their motion to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Dated:  July 23, 2010

>Respectfully submitted,
>
>
>By: /s/  Richard A. Sayles
>
>Richard A. Sayles
>Texas State Bar No. 17697500
>dsayles@swtriallaw.com
>Eve L. Henson
>Texas State Bar No. 00791462
>ehenson@swtriallaw.com
>SAYLES WERBNER
>1201 Elm Street
>4400 Renaissance Tower
>Dallas, Texas 75270
>Phone: (214) 939-8700
>Fax: (212) 939-8787
>
>Steven A. Zalesin
>Irena Royzman
>Krista D. Caner
>PATTERSON BELKNAP WEBB
> & TYLER LLP
>1133 Avenue of the Americas
>New York, New York  10036
>Tel:  (212) 336-2000
>
>*Attorneys for Defendants*

## CERTIFICATION OF CONFERENCE

I certify that on June 28, 2010, counsel for Defendants, Richard Sayles, and Steve Zalesin, Irena Royzman, met and conferred with Zachariah Harrington, counsel for Plaintiff, in good faith, and the parties have concluded, in good faith, that they are at an impasse regarding DEFENDANTS' MOTION TO TRANSFER AND BRIEF IN SUPPORT. Counsel for Plaintiff has stated that Plaintiff is opposed to the relief requested herein. Discussions between the parties have conclusively ended in an impasse, thereby leaving the issue for the Court to resolve.

/s/ Richard A. Sayles
Richard A. Sayles

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail this 19th day of July, 2010.

/s/ Richard A. Sayles
Richard A. Sayles

13