IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| PROMOTE INNOVATION LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:10-109-TJW |
| ORTHO-McNEIL PHARMACEUTICAL, LLC and ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Before the Court is Defendants' Motion to Transfer Venue.  (Dkt. No. 26.)   Defendants

in this case include Ortho-McNeil Pharmaceutical, LLC ("Ortho") and Ortho-McNeil-Janssen

Pharmaceutical, Inc. ("OMJPI") (collectively "Defendants").   The Court, having considered the

venue motion and the arguments of counsel, GRANTS the motion to transfer venue for Defendants

to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

The balance of the private and public factors demonstrates that the transferee venue is "clearly

more convenient" than the venue chosen by Plaintiff Promote Innovation LLC ("Promote").   *See*

*In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re*

*Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed.

Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en

banc).

## II.	Factual and Procedural Background

Promote is a Texas limited liability company with a principal place of business in Houston, Texas, which is situated within the Southern District of Texas.   (Am. Compl. ¶ 2.)   OMJPI is a Pennsylvania corporation with its headquarters in Titusville, New Jersey.   (Januzzi Decl., Dkt. No. 26, Ex. 2, ¶ 4.)   Ortho is a Delaware limited liability company and has its headquarters in Raritan, New Jersey.   (*Id.* at ¶ 5.)

Promote brought this action against Defendants for an alleged violation under 35 U.S.C. § 292 for false patent marking.   The false patent marking statute creates a *qui tam* action where, in this case, Promote is bringing the action on behalf of the United States of America.   The statute reads as follows:

> (a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public--
>
> Shall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292.   Promote alleges that Defendants have marked and continue to mark their products, including at least their Retin-A products, with expired or otherwise inapplicable patents, including at least U.S. Patent No. 4,690,825 ("the '825 patent").   Promote alleges that the '825 patent expired no later than October 2, 2005 but Defendants have nevertheless continued to mark the Retin-A products with that expired patent.   If Promote is successful in its claim against Defendants, the Defendants may be fined up to $500 for every falsely marked product, which is on a "per article" basis.   *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1304 (Fed. Cir. 2009).   As *qui tam* plaintiff, Promote will be entitled to one half of the penalty and the other half will go to the United States.   35 U.S.C. § 292(b).

The present issue is Defendants' Motion to Transfer Venue.   (Dkt. No 26.)   The defendants move this Court to transfer venue in this case to the District of New Jersey.   The following pages outline the Court's analysis.

## III.   Analysis

### A.   Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).   The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue.   *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304.   The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient."   *Volkswagen II*, 545 F.3d at

314.   This Court has confirmed that for cases alleging false patent marking, although the Plaintiff in these *qui tam* actions is bringing the lawsuit on behalf of the United States, the burden is the same in these cases as the burden announced in *Volkswagen II*.   *See Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, Dkt. No. 43 (E.D. Tex. Jan. 12, 2011) (J. Ward).

The initial threshold question is whether the suit could have been brought in the proposed transferee district.   *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).   If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.   In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight.   *Id.*   The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.   *Volkswagen II*, 545 F.3d at 315.   The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'"   *Id.*

### B.     Proper Venue

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203.   Neither party disputes that this case could have been brought in

the District of New Jersey, and this Court agrees.    Thus, the threshold determination is met in this case.

### C.    Private/Public Interest Factor Analysis

At the outset, it is worth noting two overarching points that make it clear in this case that the District of New Jersey is "clearly more convenient" than the Eastern District of Texas.   First, there have been almost zero facts alleged that give a connection to the Eastern District of Texas. The only connection in the Eastern District of Texas is the fact that the products that have allegedly been falsely marked have been sold in the Eastern District of Texas.[1]   Even the plaintiff itself is located in Houston, Texas, which is situated within the Southern District of Texas.   Second, nearly all facts relevant to the venue transfer analysis show a closer connection with the District of New Jersey.   Almost all the witnesses, sources of proof, and relevant material actions occurred in or near the District of New Jersey.   Keeping these points in mind, the Court turns to the private and public factors to be considered in the venue transfer analysis.

### 1.    Relative Ease of Access to Sources of Proof

The relative ease of access to sources of proof is the first private interest factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."   *Volkswagen II*, 545 F.3d at 316.   The plaintiff's documents are located in Houston, Texas and are closer to the Eastern District of Texas, given the nature of the of the false patent marking statute.   But the majority of relevant sources of proof in this case are in the custody of Defendants.[2]   The vast majority of

---

[1] *But see Volkswagen II*, 545 F.3d at 318 (stating that interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests.).

[2] The statute is "a criminal provision" and the primary focus of the statute is the conduct and intent of the defendant. *See* 35 U.S.C. § 292, Historical and Statutory Notes.

Defendants' documents are located in New Jersey.   None of the defendants' documents is located in Texas.   Thus, this factor favors transfer.

### 2.   *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses.   Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse.   *Volkswagen II*, 545 F.3d at 316.   This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue.   *See id.*   This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power."   *See id.*   "Absolute subpoena power" is subpoena power for both depositions and trial.   *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

It is important to note that this factor considers only non-party witnesses.   In other words, witnesses that are a party or a party's officers are not considered.   In addition, current employees have an employment relationship with a party and should be considered party witnesses.[3] Although the court in *Volkswagen II* phrased the factor as "the availability of compulsory process to secure the attendance of *witnesses*," *Volkswagen II*, 545 F.3d at 315 (emphasis added), it is apparent for the following three reasons that the court meant to consider only *non-party* witnesses.

First, the court in *Volkswagen II* focused on the non-party witnesses in its analysis.   *Id.* at 316 ("As in *In re Volkswagen I*, the *non-party* witnesses located in the city where the collision occurred 'are outside the Eastern District's subpoena power for deposition under Fed. R. Civ. P.

---

[3] *See supra* note 8 and accompanying text.

45(c)(3)(A)(ii),' and any 'trial subpoenas for *these* witnesses to travel more than 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3).'") (emphasis added).

Second, because "the venue analysis is concerned with convenience,"[4] this factor stresses the convenience to a party in having a particular court with subpoena power over relevant and material witnesses in accordance with Fed. R. Civ. P. 45.  *See Volkswagen II*, 545 F.3d at 316 (centering its analysis particularly on Fed. R. Civ. P. 45(c)(3)).   Federal Rule of Civil Procedure 45, however, allows a court to issue a subpoena on a "party" or a "party's officer" regardless of whether they are 100 miles from the court.   *See* Fed. R. Civ. P. 45(c)(3) ("[T]he issuing court must quash or modify a subpoena that . . . requires a person, *who is neither a party nor a party's officer* to travel more than 100 miles . . . .") (emphasis added).   Thus, given Fed. R. Civ. P. 45(c)(3), under this "availability of compulsory process" factor, it makes sense to focus only on non-party witnesses since a party or party's officer is subject to the court's compulsory process regardless of the distance from the court.   Although it is true that the distance from the court may affect the *convenience* to a witness that is a party or party's officer, this particular factor is focused on *compulsory process* of witnesses not *convenience* of witnesses.   The *convenience* for a witness appearing in this Court is considered in another private interest factor,[5] so to consider convenience again in this factor would be impermissible double-counting.

Third, and finally, the venue transfer analysis adopted by the Fifth Circuit in *Volkswagen II* based its analysis on the "*Gilbert* factors,"[6] which were set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).   The "availability of compulsory process" factor in

---

[4] *Volkswagen II*, 545 F.3d at 316.
[5] Convenience of the witness is considered in the "cost of attendance for willing witnesses" factor.
[6] *See Volkswagen II*, 545 F.3d at 315 ("[W]e have adopted the private and public interest factors first enunciated in [*Gilbert*]").

*Gilbert* reads specifically as "availability of compulsory process for attendance of *unwilling*." *Gilbert*, 330 U.S. at 508 (emphasis added).   Further, the Supreme Court in *Piper Aircraft Co v. Reyno*, 454 U.S. 235, 241 (1981),[7] also endorsed the *Gilbert* factor of "availability of compulsory process for attendance of unwilling . . . ."   Thus, the history of this factor shows it also was based on whether a witness would willingly or voluntarily appear.   This further supports an interpretation that the "availability of compulsory process" factor applies only to non-party witnesses.   The reasoning is that party witnesses, such as employees of a corporate party, can be presumed to willingly or voluntarily appear for the party.   *See FUL Inc. v. Unified School Dist. No. 204*, 839 F. Supp. 1307, 1311-12 (N.D. Ill. 1993) ("Because it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily, . . . the court limits its discussion to potential non-party witnesses.").   In other words, when a party has control over the witness an employee, it is unreasonable to need compulsory process because of the unwillingness of the witness to attend.[8]   Thus, the Court only considers the non-party witnesses for the purposes of this factor.

    The parties have identified few potential witnesses that are non-party witnesses.   The minimal number of non-party witnesses in this case is not surprising, however, given the context of this case, which alleges a *qui tam* cause of action against Defendants for an alleged violation of 35 U.S.C. § 292 for false patent marking.   Another district court has described the material elements of a false patent marking claim as follows:

> Liability under 25 U.S.C. § 292 arises from "(1) a marking importing that an object
> is patented (2) falsely affixed to (3) an unpatented article (4) with intent to deceive

---

[7] *See Volkswagen II*, 545 F.3d at 313-314 (relying on *Piper Aircraft* in addition to *Gilbert*).
[8] *Accord Emanuel v. SPX Corp. OTC Tools Div.*, 6:09-cv-220, 2009 WL 3063322, at *5, n.2 (E.D. Tex. Sept. 21, 2009) ("Current OTC employees, however, appear to have an employment relationship with SPX and should be considered party witnesses.").

the public." *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005).   Accordingly, the markings on the concerned products and Defendants' intention with respect to marking the products with expired patents are the central material facts that give rise to Plaintiff's claim for relief.

*S.F. Tech., Inc. v. Glad Prods. Co.*, No. 10-966, 2010 WL 2943537, at *9 (N.D. Cal. July 19, 2010).   This Court agrees with *S.F. Tech.* that there are two central facts that give rise to Plaintiff's claim: (1) the markings on the products themselves; and (2) Defendants' intention with respect to those markings.   Thus, it is logical for most of the witnesses in this case to be party witnesses because most of the relevant evidence in this case will likely revolve around the intent of Defendants and the action of the Defendants in marking their products.   Indeed, the only potential relevant non-party witness identified by Defendants in their affidavits is the Defendants' label suppliers, who are located in Manati, Puerto Rico, and not subject to the subpoena power of either this Court or the transferee district.

Neither party has identified any potential non-party witnesses residing within 100 miles of Marshall, Texas.   On the other hand, neither party has identified any potential non-party witnesses residing within 100 miles of the District of New Jersey—or any court within.   Neither forum has any greater subpoena power in this case than the other.   Therefore, this factor is neutral.

       3.     *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the District of New Jersey.   The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.   Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205.   The Court must consider the convenience of both the party and non-party witnesses.   *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

As indicated above, the significant majority of potential witnesses in this case are located in or near New Jersey.   The defendants name at least six witnesses in New Jersey that are "[k]ey individuals with knowledge and information regarding current and past labeling for Retin-A Micro products and/or applicable patents."   (Januzzi Decl. at 3, Dkt. No. 26, Ex. 2.)   The defendants are not aware of any potential witnesses located in the Eastern District of Texas or within 100 miles of the Marshall Division.   (*Id.*)   The defendants point out only one potential witness that is closer to the Eastern District of Texas than the District of New Jersey, and that witness is located in Los Angeles, California.   (*Id.*)   Plaintiff Promote Innovation LLC, however, points out just one potential witness that is closer to the Eastern District of Texas than the District of New Jersey.   Plaintiff says the managing member of its company, Zachariah Harrington, will likely testify, and because he is located in Houston, it will inconvenience him to travel to the District of New Jersey.   The Court agrees that travelling to the District of New Jersey would be a greater inconvenience to Mr. Harrington.   The defendants, however, have shown at least six witnesses that would be inconvenienced in traveling to the Eastern District of Texas compared to one witness from Plaintiff that would be inconvenienced travelling to the District of New Jersey.   Further, none of the potential witnesses in this case is located within 100 miles of the Marshall Division courthouse.   Thus, this factor favors transfer.

        4.     *Other Practical Problems*

Practical problems include issues of judicial economy.  *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).  Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues.  *Id.*  Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence."  *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)).  No such circumstances exist here, and this factor is therefore neutral.

### 5. *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved.  *In re Genentech*, 566 F.3d at 1347.  This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors."  *Id.*  This factor is also neutral.

### 6. *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004).  Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests.  *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is like *TS Tech* because the only local interest is that the product at issue is sold in the Eastern District of Texas.   *See In re TS Tech*, 551 F.3d at 1321.   As in *TS Tech*, "[n]one of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue." *Id.*   The plaintiff company does not even have an office in the Eastern District of Texas; instead, its office is in Houston in the Southern District of Texas.   Further, in accordance with Fifth Circuit and Federal Circuit precedent, the fact that the allegedly falsely marked product is sold in the Eastern District of Texas cannot, by itself, make the local interest factor weigh against transfer.   *See id.* ("The vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *Volkswagen II*, 545 F.3d at 317-18.

In contrast, the District of New Jersey has a particularized interest in the resolution of this case.   All the defendants in this case have their headquarters in New Jersey.   The individuals responsible for making the decisions to mark the accused product with the patent are located in New Jersey.   This is an important consideration because, as noted above, one of the key issues in a claim under 35 U.S.C. § 292 is the intent of the party marking the product with the patent.   Thus, this factor weighs in favor of transfer.

7.   *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203.   Both the District of New Jersey and the Eastern District of Texas are equally capable of applying the law regarding false patent marking claims; therefore, this factor is neutral.   *See In re TS Tech*, 551 F.3d at 1320.

12

8.      *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor is neutral.

**E.      The Court Grants Defendants' Motion to Transfer**

Considering all of the private and public interest factors, the defendants have met their burden of showing that the District of New Jersey is "clearly more convenient" than the Eastern District of Texas.   *See Volkswagen II*, 545 F.3d at 315.   Three factors weigh in favor of transfer: relative ease of access to sources of proof, cost of attendance for willing witnesses, and local interest.   On the other hand, no factors weigh against transfer.   Therefore, Defendants' motion to transfer venue is GRANTED.

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Venue to the District of New Jersey.

It is so ORDERED.

SIGNED this 12th day of January, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE